UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM KINLAW, MARTINE TUCKER, and RICHARD WILLISTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and DOES 1-20,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br><br><br><br><br>No. 15-cv-9760 |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs William Kinlaw, Martine Tucker, and Richard Williston bring this action on behalf of themselves and all others similarly situated and, upon personal knowledge as to facts known to Plaintiffs and upon information and belief following investigation of counsel, allege as follows against Cellco Partnership d/b/a Verizon Wireless and Does 1-20 (collectively, "Verizon" or "Defendants"):

**INTRODUCTION**

1. This action seeks relief for Plaintiffs and past and present Verizon Wireless store employees, in Illinois and nationwide, whom Defendants failed to pay overtime (1) for time worked off-the clock, and/or (2) at one and one-half times their regular rate of pay.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Kinlaw is a citizen of the State of Illinois and resides in this judicial District.

3. Plaintiff Tucker is a citizen of the State of Nevada.

1

4. Plaintiff Williston is a citizen of the State of North Carolina.

5. Defendant Cellco Partnership, d/b/a Verizon Wireless is a partnership with principal offices in New Jersey.

6. Plaintiffs are currently unable to name defendants sued herein under the fictitious names, Does 1 through 20, inclusive ("Doe Defendants"), and therefore, sues such Doe Defendants by such fictitious names. Plaintiffs will seek leave to amend their complaint to allege the true names and capacities of said Defendants, if appropriate, upon ascertaining their true names and capacities via discovery. Plaintiffs, upon information and belief, allege that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein.

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. This Court also has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(d)(2). The total amount in controversy in this case exceeds $5,000,000.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants regularly do business in this judicial District and reside here, and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS**

10. Defendants own, operate, or control retail stores, kiosks, and in-store locations (collectively hereinafter, "Verizon Retail Stores" or "Retail Stores"), and/or the employee payrolls for these Retail Stores, which provide customer support, services and sales of wireless telecommunication and mobile phone services and products under the Verizon Wireless brand name.

11. Defendants caused thousands of similarly situated Retail Store workers that are the subject of this action to be employed and/or paid.

12. Defendants' Retail Store Employees include workers Defendants classify as retail consultants, sales associates, hosts, assistant managers, and other similar job positions, in Illinois and nationwide, who are not exempt from Defendants' obligations to pay them as required under the Fair Labor Standards Act (collectively herein, "Retail Store Employees" or "Employees").[1]

13. Retail Store Employees' job duties are, *inter alia*, to provide customer service and support, market and sell mobile phone services and products, provide consultation, product expertise, and demonstrations to their customers at Retail Stores, have command of the technology behind Verizon mobile devices and other products, and follow Verizon procedures.

14. Defendants have employed Plaintiffs and other Retail Store Employees on an hourly plus commission, bonus, and/or incentive basis, to perform such duties and operate Retail Stores in Illinois and in other States.

15. Defendants use and control common or shared Employee payroll and communications systems; and their centralized policies and practices prescribe the calculation and payment of wages, including overtime, to employees in Verizon Retail Stores nationwide, including in Illinois.

16. Defendants employed Plaintiff Tucker as a Retail Store Employee within the three years preceding the filing of this Complaint (herein, the "relevant times"). Ms. Tucker worked as an assistant manager and retail consultant at various Verizon Retail Stores, including in the States of Nevada and California from approximately 2008 to 2013.

17. Defendants employed Plaintiff Williston as a Retail Store Employee at relevant

---

[1] Verizon considers assistant managers and like positions to be non-exempt under overtime law, but classifies such positions as "Salary Plus" and pays overtime for those positions at a half-time rate.

3

times. Mr. Williston worked as an assistant manager and retail consultant at various Verizon Retail Stores, including for several years until 2014 in the States of Alabama and North Carolina.

18. Defendants employed Plaintiff Kinlaw as a Retail Store Employee at relevant times. Mr. Kinlaw worked as a retail consultant at Verizon Retail Stores in the Chicagoland area, in Illinois, from around 2010 to 2013.

19. While employed as retail consultants, Plaintiffs were paid time and one-half for overtime. While employed as assistant managers, Plaintiffs Williston and Tucker were paid half-time for overtime.

20. At relevant times, Plaintiffs and similarly situated Retail Store Employees (including many Employees who worked overtime in Illinois, where Verizon Wireless has many Retail Stores) routinely worked in excess of 40 hours per week, including during time periods for which they earned commissions, bonuses, and/or incentives, in workweeks when Defendants failed to timely and properly pay them for overtime as set forth below.

**Defendants Failed To Pay Retail Store Employees For Communications & Workshops**

21. Defendants had a policy or practice of requiring Plaintiffs and other Retail Store Employees to participate in communications and/or workshops outside of scheduled work hours at relevant times – including in workweeks where they worked more than 40 hours – without paying them wages or overtime for it.

22. In such workweeks, for example, Plaintiff Williston routinely worked for no pay and for no overtime, outside of scheduled work hours, by participating in employee text messaging, emails, telephone and/or conference calls, ranging from before shift hours in the morning, to long after store close at night, including on a weekly or daily basis. Defendants also required Mr. Williston to attend workshops off the clock, including on days off, and where

4

mileage for driving long distance to and from the workshop was compensated but time was not. Defendants required Mr. Williston to perform such tasks as a matter of routine, during his tenure with Verizon at relevant times.

23. In such workweeks, for example, Plaintiff Tucker routinely worked for no pay and for no overtime, outside of scheduled work hours, by similarly participating in phone or group phone chats/texts, and conference calls even on days off, by dealing with or answering emails on her work phone line, and by attending performance workshops, as Defendants required.

24. In such workweeks, for example, Plaintiff Kinlaw routinely participated in employee text messaging, and read and drafted emails, outside of scheduled work hours, including on a seven-day basis, without receiving pay or overtime due for that work, and Mr. Kinlaw also attended group employee workshops.

25. In such workweeks, Defendants have thus required Retail Store Employees to regularly participate in telephone communications and/or workshops, off-the-clock, without paying them wages or overtime, and without maintaining payroll records of such work-time as compensable. Defendants provided Retail Store Employees with cell phones, which enable text messages, phone calls and link to email, and with business cards to hand to customers that list their cell phone contact information. In effect, in addition to working during scheduled shifts, Retail Store Employees were "on duty" outside of scheduled work hours, and on any day of the week, whether they were scheduled to work that day or not.

**Defendants Failed To Pay "Salary Plus" Workers Overtime At The Proper Rate**

26. Defendants classified some Retail Store Employees, including assistant managers like Plaintiffs Tucker and Williston, as "Salary Plus" Employees and as non-exempt from the

5

Fair Labor Standards Act or state law overtime obligations, including at relevant times.

27. At relevant times, said Plaintiffs and other Salary Plus Employees worked at Retail Stores in excess of 40 hours per week.

28. But, Defendants failed to timely pay Salary Plus Employees at a rate of one and one-half times the regular rate of pay as required by applicable law.

29. Instead, Defendants paid them at a rate of one-half the regular rate of pay under the fluctuating workweek ("FWW") method of pay, which permits employers to pay half-time wages for overtime hours only under strict circumstances not present here.

30. Defendants know or should know that the FWW method does not apply to Salary Plus Employees, where, at relevant times:

   a. Salary Plus Employees regularly (if not always or almost always) worked more than 40 hours per week and/or were paid for 40 or more hours per week, but Defendants advised that the hours these Employees would work could be less, or more, than 40.

   b. Defendants did not pay Salary Plus Employees a fixed wage as required for the FWW method, but rather required them to use paid time off, in weeks where they missed work and thus worked less than 40 hours, to make up the difference. Plaintiffs Tucker and Williston understood Defendants' practice to be that, if Salary Plus Employees worked less than 40 hours in a week after their limited paid time off was exhausted, they would be paid only for the hours less than 40 actually worked.

   c. Defendants paid Salary Plus Employees variable wages in the form of regular, non-discretionary commissions, bonuses, or incentives that vary in amount.

   d. Defendants regularly paid Plaintiffs and Salary Plus Employees overtime adjustments or "true-ups," which are additional, varying amounts to compensate them for

including bonuses, commissions, and/or incentives in the regular rate of pay.

    e.  Defendants did not timely pay overtime, but rather, often paid it late, and not contemporaneously with straight time paid at the end of the pay period in which the overtime and straight time were worked. For example, for Plaintiff Tucker's first bi-weekly pay period in September 2013, Defendants paid her for 15.62 hours of overtime for that pay period, in addition to paying her 3.2 hours of overtime for the prior August 2013 pay period; and for the second bi-weekly pay period in September 2013, Defendants similarly paid her 9.98 hours of overtime for that existing pay period, in addition to remitting overtime pay for 10 hours worked in a preceding pay period.

  31.  Defendants were on notice of their obligations to pay overtime to Salary Plus Employees on a timely, time and one-half basis, and to keep records of and pay wages for off-the-clock work.

## COLLECTIVE ACTION ALLEGATIONS

  32.  As more fully set forth below, Plaintiffs bring Count I of this Complaint individually and on behalf of the following Collective and Sub-Collective as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b):[2]

**Collective:**

All persons who worked in a Verizon Wireless retail sales location in the United States (i.e., a store, kiosk, or in-store location) for more than 40 hours in a workweek at any time from three years preceding the filing of this Complaint to the date of trial.

**Sub-Collective:**

All persons who were classified as a "Salary Plus" employee and worked in a Verizon Wireless retail sales location in the United States (i.e., a store, kiosk, or

---

[2] Unless otherwise noted, the "Collective" as used in this Complaint refers to both the Collective and the Sub-Collective.

7

in-store location) for more than 40 hours in a workweek at any time from three years preceding the filing of this Complaint to the date of trial.[3]

Excluded from the Collective and Sub-Collective are current and former executives and officers of Defendants, Defendants' counsel, Plaintiffs' counsel, any member of the judiciary presiding over this action, and any Retail Store Employees whom Defendants classified as exempt from the Fair Labor Standards Act.

33. An FLSA collective action will benefit Plaintiffs and the many other employees who were similarly subject to Defendants' practices of failing to actually and correctly pay overtime wages. The number and identity of such similarly situated employees are available from Defendants' records.

34. Pursuant to 29 U.S.C. § 216(b), the facts set forth here satisfy the lenient requirements for maintenance of a collective action, and notice should be sent to the members of the Collective and Sub-Collective.

35. Plaintiffs consent to join this collective action. *See* Group Exhibit A.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
*Off-the-Clock Work*

36. Plaintiffs repeat and reallege the preceding paragraphs as if fully alleged herein, and bring this Count against Defendants individually on behalf of the Collective.

37. Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

38. At relevant times, Plaintiffs and other Collective members were "employees"

---

[3] Plaintiffs reserve the right to modify the Collective and Sub-Collective definitions as appropriate. Plaintiff Kinlaw does not bring Sub-Collective claims.

within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. Pursuant to the FLSA, Defendants are required to pay Retail Store Employees overtime for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

40. Defendants' above-described decisions, practices, and policies prevented Plaintiffs and other Retail Store Employees from receiving proper overtime compensation for all time they worked in excess of 40 hours per workweek at relevant times.

41. In such workweeks, as part of their business practice, Defendants failed to timely or properly pay overtime to Plaintiffs and the Collective for off-the-clock work Defendants required, including communications and workshops as set forth above.

42. Under the FLSA, an employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time that s/he is regularly required to spend on duties assigned to her or him. Yet Defendants did just that, by failing to pay for routine off-the-clock work as described above. As a result, Plaintiffs and the Collective are entitled to overtime compensation for this work time.

43. Defendants failed to keep accurate records of time worked, compensation owed, and wages and overtime earned, for time and overtime worked that form the basis of the claims.

44. This conduct violates the FLSA and was part of Defendants' business practice for Retail Store Employees at relevant times.

45. Defendants' failure to timely pay off-the-clock overtime for Retail Store Employees, or to pay time and one-half overtime wages for Salary Plus Employees, is willful and intentional. At relevant times Defendants did not make a good faith effort to comply with

their duties to compensate Plaintiffs and other Employees as required by the FLSA. Defendants were aware of their duty to pay for pre-shift and post-shift work routinely performed by their Employees.

46. As a result of Defendants' aforementioned conduct, Plaintiffs and the Collective were denied proper and timely overtime wages, as set forth above, and are entitled to damages, including back pay and lost wages, and liquidated damages as permitted by the FLSA in amounts to be proven at trial.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
*Half-Time for Overtime*

47. Plaintiffs Williston and Tucker repeat and reallege the preceding paragraphs as if fully alleged herein, and bring this Count against Defendants individually on behalf of the Sub-Collective.

48. Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

49. At relevant times, Plaintiffs and other Collective members were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

50. Pursuant to the FLSA, Defendants are required to pay Employees overtime for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a)(1).

51. Defendants' above-described decisions, practices, and policies prevented Plaintiffs and other Salary Plus Employees from receiving proper overtime compensation for all time they worked in excess of 40 hours per workweek at relevant times.

52. In such workweeks, as part of their business practice, Defendants improperly paid

Plaintiffs Tucker and Williston and the Sub-Collective a half-time rate for overtime hours worked, instead of time and one-half, in violation of the FLSA.

53. The FLSA only allows employers to pay half-time wages for overtime work in limited circumstances, *see* 29 C.F.R. § 778.114, and precludes half-time pay for overtime hours on the facts present here, as set forth more fully above, and for any of the following reasons:

    a. FWW standards require payment of a fixed wage, but Salary Plus Employees did not receive a fixed wage – they received additional, variable wages in the form of commissions, bonuses, incentives, and/or true-ups, which precludes application of the FWW method.

    b. FWW standards require an employer to pay a fixed wage that does not fluctuate. But, Salary Plus Employees were paid an hourly rate; if they worked less than 40 hours or took a shift off, Defendants required them to use paid time off equal to the missed work time; and if their paid time off allotment was exhausted, then Plaintiffs understood they would be paid their hourly rate only for time they actually worked and not for missed work time.

    c. To employ the FWW method, Defendants must timely pay the half-time overtime premium; however, Defendants paid overtime compensation late.

    d. FWW standards require that the parties have a clear mutual understanding that the fixed wages are compensation for any hours worked per week, but Defendants did not convey such a clear mutual understanding, because Defendants conveyed that Salary Plus Employees would sometimes work more and sometimes less than 40 hours per week, when in fact they were regularly required to work more than 40 hours per workweek.

    e. Because Salary Plus Employees regularly worked more than 40 hours per week, there was thus no fluctuating shortfall of time in one pay period that might make up for

11

longer work in another, which precludes application of the half-time for overtime payment method.

54. Defendants failed to keep accurate records of time worked, compensation owed, and wages and overtime earned, for time and overtime worked that form the basis of the claims.

55. This conduct violates the FLSA and was part of Defendants' business and payroll practice for Salary Plus Employees at relevant times.

56. Defendants' failure to timely pay time and one-half overtime wages for Salary Plus Employees, is willful and intentional. At relevant times Defendants did not exercise good faith to comply with their duties to properly compensate for overtime at the time and one-half rate.

57. As a result of Defendants' aforementioned conduct, Plaintiffs Tucker and Williston and the Sub-Collective were denied proper and timely overtime wages, as set forth above, and are entitled to damages, including back pay and lost wages, and liquidated damages as permitted by the FLSA in amounts to be proven at trial.

## CLASS ACTION ALLEGATIONS

58. As more fully set forth below, Plaintiff Kinlaw brings Counts III of this Complaint individually, and pursuant to Fed. R. Civ. Pr. 23 on behalf of the following Class:

**Class:**

All persons who worked in a Verizon Wireless retail sales location in Illinois (i.e., a store, kiosk, or in-store location) for more than 40 hours in a workweek at any time from three years preceding the filing of this Complaint to the date of trial.[4]

Excluded from the Class are current and former officers of Defendants, Defendants' counsel, Plaintiffs' counsel, and any member of the judiciary presiding over this action.

---

[4] Plaintiffs reserve the right to modify the Class definition as appropriate, and to plead additional supporting causes of action.

59. The Class is so numerous that joinder of all members of the Class impracticable.

60. Plaintiff Kinlaw's claims are typical of the claims of other Class members, and he will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to the Class, and has retained counsel competent and experienced in class action litigation.

61. A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, and many members of the Class cannot feasibly vindicate their rights by individual suits because the monetary value of their recoveries are outweighed by the burden and expense of litigating individual actions against the corporate Defendants.

62. Common questions of law and fact exist as to all members of the Class, and predominate over questions affecting only individual Class members, including, without limitation, as follows:

    a. Whether Defendants failed to pay overtime to Plaintiff and other members of the Class as set forth herein;

    b. Whether Defendants failed to pay for off-the-clock work as set forth herein;

    c. Whether Defendants' conduct violates the Illinois Minimum Wage Law; and

    d. Whether Plaintiff and the Class are entitled to back-pay, damages, and penalties allowed by applicable law.

### COUNT III

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW
### (*Off-the-Clock Work*)

63. Plaintiff Kinlaw repeats and realleges paragraphs 1-31 and 58-62 as if fully alleged herein, and brings Count III against Defendants individually and on behalf of the Class.

64. Conduct giving rise to Plaintiffs' claims above also gives rise to Defendants'

violations of the Illinois Minimum Wage Law ("IMWL").

65. Defendants are employers and Plaintiff and members of the Class are employees within the meaning of the IMWL, which requires Defendants to pay their non-exempt employees such as Plaintiff and other Class members overtime at a rate of one and one-half times their regular rate of pay, for time worked in excess of 40 hours in a workweek per 820 ILCS § 105/4a.

66. Defendants, due to their above-described practices and policies affecting Illinois Retail Store Employees, have refused and/or failed to pay Plaintiff and other Class members overtime compensation that they are entitled to receive under the IMWL, for overtime worked in the instances set forth above, and for the above-described off-the-clock work in excess of 40 hours per week.

67. Plaintiff and other members of the Class are entitled to recover the amount of any and/or all underpayments in violation of the IMWL. *E.g.,* IMWL, 820 ILCS § 105/12(a).

68. Plaintiff and other members of the Class are entitled to damages for each month that elapsed without receiving timely payment due. *E.g.,* IMWL, 820 ILCS § 105/12(a) (prescribing "damages of 2% of the amount of any such underpayments *for each month* following the date of payment during which such underpayments remain unpaid") (emphasis added).

69. As a result of Defendants' above-described illicit conduct in violation of the IMWL, Plaintiff Kinlaw and other Class members were damaged and are entitled to payment of their due and owing overtime compensation, and any applicable penalties and interest. Plaintiff Kinlaw seeks to recover from Defendants overtime wages for overtime worked as set forth above, plus statutory damages, attorneys' fees, and costs. *E.g.,* 820 ILCS §§ 105/4a, 12a.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray that the Court grant the following relief:

a. Find that this case may be properly maintained as a FLSA collective action;

b. Issue notice of this FLSA collective action advising members of the Collective and Sub-Collective that this civil action has been filed, of the nature of the action, and of their right to join this case;

c. Find that Defendants violated and willfully violated the FLSA, and enter judgment accordingly;

d. Find that this case may be maintained as a class action pursuant to Fed. R. Civ. Pr. 23, and appoint Plaintiff Kinlaw as Class representative and Plaintiff's counsel as class counsel;

e. Find that Defendants violated the IMWL, and enter judgment accordingly;

f. Declare the rights of the parties and provide commensurate injunctive relief;

g. Award all damages and back-pay available under applicable law, including unpaid or untimely paid overtime wages, an additional and equal amount as liquidated damages, and any statutory penalties and interest;

h. Award pre-judgment and post-judgment interest as permitted by applicable law;

i. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendants due to their above-described improper conduct;

j. Award reasonable attorneys' fees and costs to Plaintiffs' counsel as allowed by applicable law and/or statute; and

k. Award such other and further relief as the Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs demand a trial by jury of all triable matters.

Respectfully submitted,

WILLIAM KINLAW, MARTINE TUCKER, AND

RICHARD WILLISTON, on behalf of themselves and all others similarly situated

By: /s Ilan Chorowsky, Esq.
One of Plaintiffs' Attorneys

Ilan Chorowsky, Esq.
Mark A. Bulgarelli, Esq.
Elizabeth Roberson-Young, Esq.
PROGRESSIVE LAW GROUP LLC
140 S. Dearborn Street, Suite 315
Chicago, IL 60603
(312) 787-2717 (voice)