UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WILLIAM KINLAW, MARTINE TUCKER, and RICK WILLISTON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and DOES 1-20,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 15-cv-9760<br>)<br>)  Honorable Harry D. Leinenweber<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND ISSUANCE OF NOTICE TO THE SETTLEMENT COLLECTIVE**

WHEREAS, the Parties have reached a settlement for Plaintiffs Martine Tucker and Rick Williston, and on behalf of persons who have been employed in a Verizon Wireless retail sales location in the United States (that is, a store, kiosk, or in-store location operated by Verizon Wireless) who were classified and paid overtime as a Salary Plus employee at any time from February 16, 2013 to and including January 16, 2017 (the "Settlement Collective");

WHEREAS, the settlement resolves claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* for Plaintiffs Tucker and Williston and for members of the Settlement Collective who timely opt-in ("Opt-In Claimants");

WHEREAS, the Parties have presented the Agreement and Stipulation of Settlement and Release ("Settlement Agreement") to the Court, including the proposed Notice and Opt-In Forms, and the Notice plan described in the Settlement Agreement;

WHEREAS, a hearing on approval of the settlement was held before the Court;

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order; and

WHEREAS, upon consideration of the record and submissions in support of settlement approval, the applicable legal standards, and on the basis of the Court's knowledge of the proceedings;

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement filed with the Court.

2. This $2,730,000 settlement of claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, on the terms set forth in the Settlement Agreement, specifically incorporated herein and attached to Plaintiffs' Memorandum In Support of Unopposed Motion for Approval of Collective Action Settlement and Issuance of Notice to the Settlement Collective as Exhibit A, is approved as a fair resolution of a *bona fide* dispute in light of the degree of recovery obtained in relation to the significant risks faced by Plaintiffs and Opt-In Claimants in litigating the claims.

3. The Court finds that the Settlement Collective, defined as "All persons who have been employed in a Verizon Wireless retail sales location in the United States (that is, a store, kiosk, or in-store location operated by Verizon Wireless) who were classified and paid overtime as a Salary Plus employee at any time from February 16, 2013 to and including January 16, 2017," is similarly situated and properly certified pursuant to the FLSA, as part of this settlement; that the FLSA Notice and Opt-In Forms are approved and shall issue to the Settlement Collective as provided under the Settlement; and that the Parties' FLSA Notice plan for the Settlement Collective, as set forth in the Settlement Agreement, and in Plaintiffs' Memorandum In Support of Unopposed Motion for Approval of Collective Action Settlement and Issuance of Notice to the Settlement Collective, including the selection of Dahl

Administration LLC as Settlement administrator, and the $53,010 allocation to be paid from the settlement fund to Dahl Administration LLC in exchange for settlement administration, is approved.

4. The Opt-In Claimants are bound by the terms of the Settlement Agreement, and shall conclusively be deemed to have released all settled claims as described in the Settlement Agreement, which provides:

"**Release of Claims By All Opt-In Claimants.** Subject to the Exclusions below, upon the approval by the Court of this Settlement, and except as to such rights or claims as may be created by this Settlement, each member of the Settlement Collective defined above who opts in this Lawsuit and Settlement by timely submitting a completed, valid Opt-In Form (i.e., each Opt-In Claimant), individually, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges the "Released Parties" (defined as, "Cellco Partnership d/b/a Verizon Wireless, and each of its present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venturers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with Cellco Partnership d/b/a Verizon Wireless), from any and all claims, debts, losses, demands, obligations, liabilities, penalties, charges, grievances, complaints or suits of any type or nature, known and/or unknown, suspected and/or unsuspected, that could be had under the Fair Labor Standards Act, described in this paragraph below as the Released Claims for the Settlement Collective under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, arising from employment as a "Salary Plus" employee at a Verizon Wireless retail

sales location in the United States, concerning (i) the payment of "Hourly Overtime" (defined as overtime paid for hours worked and recorded in Verizon Wireless payroll records with the code "OSP") at a half-time rate, (ii) the timeliness of Hourly Overtime payments, and (iii) the non-payment of Training Overtime, at any time from February 16, 2013 to January 16, 2017, for employees classified as "Salary Plus," including without limitation all such claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, attorneys' fees and costs, whether known or unknown which may arising from a cause of action under the Fair Labor Standards Act (collectively, the "Released Claims"), and each Opt-In Claimant agrees that the Released Claims are a fair and reasonable settlement and release of claims of a *bona fide* dispute over his or her pay at issue and constitute good, valid, and sufficient consideration for the promises contained herein.

**EXCLUSIONS.** The following persons and claims are excluded from this Release and all of the Released Claims set forth above:

- Members of the Settlement Collective who do not timely submit a completed valid Opt-In Form.
- Claims, judgments or settlements for work performed for resellers of Verizon Wireless products or services.
- Claims under state law.

This Release does not waive, release or modify any Collective Member's vested benefits under any ERISA plan, such as a Collective Member's vested rights under a pension plan." Settlement Agreement, ¶ 47.

5.      Plaintiffs Tucker and Williston shall also be deemed to have released claims as described in paragraph 48 of the Settlement Agreement.

6. Cellco Partnership d/b/a Verizon Wireless is bound by the terms of the Settlement Agreement and shall be deemed to have released claims as described in paragraph 48 of the Settlement Agreement.

7. The Court approves Plaintiffs' request for one-third of the $2,730,000 Settlement Fund for attorneys' fees, and for recovery of $11,623.26 in case expenses and expert costs from the Settlement Fund.

8. The Court approves payment of service awards of $10,000 each to Plaintiffs Tucker and Williston. These amounts shall be paid as provided in the Settlement Agreement.

9. Neither this Order nor any aspect of this settlement is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

10. The Parties and Settlement Administrator are directed to consummate the terms and provisions of the settlement, and all payments provided under the Settlement Agreement are to be distributed in the manner and schedule set forth in the Settlement Agreement.

11. The Parties are directed to file their Rule 41 dismissal of Plaintiffs' and all Opt-In Claimants' claims, with prejudice, within 14 days after submitting all valid and timely-submitted Opt-In Forms with the Court.

DATED this 13th day of June, 2017.

_____
Honorable Harry D. Leinenweber